Matter of Wallace (2024 NY Slip Op 06204)

Matter of Wallace

2024 NY Slip Op 06204

Decided on December 11, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2023-10575

[*1]In the Matter of Larry Wallace, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Larry Wallace, respondent. (Attorney Registration No. 2151546)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 31, 1984.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On November 6, 2023, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, upon consent, by email, with a notice of petition and a verified petition, both dated October 31, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains four charges of professional misconduct, alleging that the respondent: (1) engaged in conduct that is prejudicial to the administration of justice in that he disbursed estate funds without first obtaining the requisite final decree from the Surrogate's Court authorizing such disbursement; (2) misappropriated funds entrusted to him as a fiduciary incident to his practice of law when he paid personal expenses from fiduciary funds held in two separate escrow accounts; (3) failed to maintain required bookkeeping records for his attorney escrow accounts; and (4) failed to properly title the checks for one of his escrow accounts, in violation of rules 8.4(d), 1.15(a), (d)(1)(ii), and (b)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The notice of petition directed the respondent to file his answer to the petition within 20 days after service upon him of the petition. To date, the respondent has not filed an answer to the petition, as directed, despite having requested and having been granted additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on July 18, 2024, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated October 31, 2023, are deemed established, and, effective immediately, the respondent is disbarred and his [*2]name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the petition dated October 31, 2023, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Larry Wallace, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Larry Wallace, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Larry Wallace, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Larry Wallace, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court